892 F.2d 1041
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George R. GERBER; Margaret D. Gerber, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-2116.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 26, 1989.
Decided: Nov. 29, 1989.
 
 Robert F. Rider, Rider, Thomas, Cleaveland, Ferris & Eakin, on brief, for appellants.
 Stuart E. Schiffer, Acting Assistant Attorney General; John P. Alderman, United States Attorney; Robert S. Greenspan; E. Roy Hawkens, United States Department of Justice; Connie L. Fox-Samson, Department of Agriculture, on brief, for appellee.
 Before DONALD RUSSELL, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the dismissal by summary judgment of the plaintiffs-appellants' claim under the Federal Tort Claims Act (FTCA)* as time-barred. We affirm.
 
 
 2
 The gravamen of the FTCA claim was that officials of the Farmers Home Administration (FmHA) negligently had failed to process appellants' loan application, thereby causing appellants substantial financial injury. The government defended, inter alia, on the basis that the claim was barred by failure of the appellants to file an administrative claim with the FmHA within the two-year limitations period provided in 28 U.S.C. § 2401(b). The district court dismissed on this basis by granting summary judgment for the government, and this appeal followed.
 
 
 3
 The district court correctly held that on the summary judgment record there was no genuine issue of fact respecting the limitations defense and that the government was entitled to judgment as a matter of law on the undisputed facts. Specifically, the court properly applied the test of United States v. Kubrick, 444 U.S. 111 (1979), in holding that appellants, as a matter of law, "knew or reasonably should have known ... of their injury and its cause" long before October 4, 1985, and that their claim was accordingly barred by the time they filed an administrative claim with the FmHA on October 4, 1987, more than two years after its accrual.
 
 
 4
 The court also properly rejected, as a matter of law, appellants' contentions that the tort as pleaded was a "continuing" one, or one which involved "continuing treatment," so as to avoid the limitations bar, or that the government was estopped to rely on the limitations defense. For reasons properly stated by the district court, none of these legal theories has application to the facts of this case.
 
 
 5
 Because the issues in the case are adequately presented in the briefs and record before the court and oral argument would not aid the decisional process, we dispense with oral argument and affirm on the opinion of the district court. Gerber v. United States, CA-88-176-R (W.D.Va. May 22, 1989).
 
 
 6
 AFFIRMED.
 
 
 
 *
 Appellants also pleaded parallel claims under the Equal Credit Opportunity Act and the Right of Financial Privacy Act. These were also dismissed on the merits by the district court, and those dismissals are not challenged on appeal